IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAUREL DEVITO, an individual | No. 3:22-cv-01983-YY |
| Plaintiff, | ORDER |
| v. | |
| LEGACY HEALTH, a corporation | |
| Defendant. | |

HERNÁNDEZ, District Judge:

  Magistrate Judge You issued a Findings and Recommendation on October 20, 2023, in which she recommends that the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice. F&R, ECF 20. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

  Because no objections to the Magistrate Judge's Findings and Recommendation were timely filed, the Court is relieved of its obligation to review the record *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also United States v.*

1 – ORDER

*Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988) (*de novo* review required only for portions of Magistrate Judge's report to which objections have been made).

For the reasons that follow, the Court declines to adopt the Magistrate Judge's Findings and Recommendation.

## BACKGROUND

Plaintiff was a registered nurse at one of Defendant's hospitals who worked directly with patients hospitalized with COVID-19. Compl. ¶ 5, ECF 1. Plaintiff is a "deeply religious Christian who is devoted to her faith." *Id*. ¶ 6.

Defendant announced a COVID-19 vaccination mandate in mid-2021. *Id*. ¶ 10. Before the mandate, Plaintiff had provided care to patients and followed hospital rules such as masking, testing, and hand-washing to prevent the spread of COVID-19. *Id*. ¶ 9. Plaintiff alleges that "[a]s a devout Christian, [she] had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." *Id* ¶ 10. On August 30, 2021, Plaintiff filed for a religious exemption from the vaccine mandate. *Id*. Plaintiff's request stated:

> I am writing you to make you aware that I hold a specific religious belief that prevents me from taking a Covid Vaccine. Per United States Federal Labor and Employment Law and title VII of the civil rights act my religious beliefs cannot be used as grounds for any termination / retaliation / segregation/ discrimination. Additionally, I am under no obligation to be specific with you of these beliefs, to enumerate them, or be asked or required to defend them. Vaccinations (and certain other medical procedures/applications) violate my deeply held religious convictions.

Bradford Decl. Ex. 1, ECF 11-1.[1]

---

[1] The Court agrees with the Magistrate Judge that this document may be considered as incorporated by reference in resolving this motion. *See* F&R 3-4.

Plaintiff's request was denied and she was terminated effective November 10, 2021. Compl. ¶¶ 11-12. Plaintiff brought this action for unlawful employment discrimination based on religion under Oregon law and Title VII of the Civil Rights Act. *Id.* ¶¶ 17-26.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) because it argues (1) Plaintiff fails to plead a bona fide religious belief in conflict with an employment duty; and (2) Defendant could not have reasonably accommodated Plaintiff without suffering undue hardship. The Magistrate Judge recommends granting Defendant's motion based on Defendant's first argument, and therefore declines to reach the second argument.

### I.   Whether Plaintiff adequately pleads a bona fide religious belief in conflict with an employment duty

To establish religious discrimination under Title VII based on a failure to accommodate theory, Plaintiff must plead that: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of her inability to fulfill the job requirement. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). Plaintiff's state law claim is analyzed the same way. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.") (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n. 2 (9th Cir.1993); *Winnett v. City of Portland,* 118 Or. App. 437, 847 P.2d 902, 905 (1993)).

With regard to the first element, "[a] religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May

15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)). Indeed, the court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n. 3 (9th Cir. 2021) (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S. Ct. 1719, 1731 (2018)). While the burden to allege a conflict between religious beliefs and an employment duty is "minimal," the court need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). In addition, the court must distinguish between conflicts that are "rooted in religious belief" as opposed to ones based on "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).

The Magistrate Judge finds that the exemption request Plaintiff provided to Defendant fails to identify a sincere religious belief in conflict with an employment duty. F&R 4. Because the contents of the notice cannot be changed, the Magistrate Judge concludes that Plaintiff cannot cure the Complaint's deficiencies.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In evaluating whether to grant a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, *as well as* other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Because the

Magistrate Judge did not consider the Complaint alongside the exemption request incorporated by reference, the Court cannot adopt the reasoning in the F&R.[2]

The question before the Court on Defendant's motion is whether the Complaint (along with Plaintiff's exemption request) adequately pleads a sincere religious belief in conflict with an employment duty. Plaintiff has pled that she is a "devout Christian" who believes that "taking the vaccine…would constitute violating her bodily integrity and tainting the purity of her body." Compl. ¶ 10. Defendant argues that Plaintiff has failed to allege a connection between the first and second points. In support of the argument, Defendant cites several district court decisions which Defendant contends found similar allegations insufficient as secular in nature. *See* Def.'s Mot. 6-11.

As Defendant points out, many courts within and outside of this district have addressed the question of what allegations are sufficient to establish a sincere religious belief in conflict with an employment duty in the context of religious exemptions to COVID-19 vaccine and testing mandates. In reviewing the case law, the Court notes that these cases generally fall into three categories: (1) those in which plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief.

In the first category of cases, courts appear to be in agreement that a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to

---

[2] In addition, although the contents of Plaintiff's exemption request may be relevant to the second element of Plaintiff's prima facie case (whether Defendant was informed of Plaintiff's religious belief and conflict), that element is not the basis of Defendant's motion. Even if it were, the Court cannot discern whether the formal exemption request comprised the entirety of Plaintiff's communications with Defendant on the issue.

5 – ORDER

dismiss. For example, in *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023), several plaintiffs alleged that the defendant "exalts itself in purporting to place an unbeliever in a position to judge the Word of God, it is blasphemy, satanic, sinful, untruth, and insultive [sic] trespass." Judge McShane concluded that "this allegation only generally emotes religious opposition to Defendant's authority to mandate vaccines" and that the plaintiffs "allege facts that hint at religious beliefs but do not specify how those beliefs conflict with receiving a COVID-19 vaccine." *Id.* Accordingly, the court granted the defendant's motion to dismiss for failure to sufficiently allege religious beliefs in conflict with obtaining the mandated COVID-19 vaccine. Other courts have concluded the same when evaluating similar allegations. *See*, *e.g.*, *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-CV-00206-SB, 2023 WL 7612395 (D. Or. Oct. 23, 2023) (general allegation that the plaintiff was a "devout Christian" and "did not believe it was consistent with her faith to take the vaccine" insufficient), *report and recommendation adopted sub nom*. *Stephens v. Legacy Health*, No. 3:23-CV-00206-SB, 2023 WL 7623865 (D. Or. Nov. 14, 2023).

In the second category of cases, many courts have held that allegations of a religious belief coupled with a secular objection fail to plead a bona fide religious belief in conflict with an employment duty because the objection itself is secular. For example, in this district, Judge Russo dismissed a claim by a plaintiff who alleged that she had a Christian belief that her body was a "temple of God" and that COVID-19 antigen testing requirements conflicted with that belief because she believed the test was "dipped in ethylene oxide," a "carcinogenic substance." *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-CV-01306-JR, 2023 WL 7221458, at *6 (D. Or. Sept. 13, 2023), *report and recommendation adopted*, No. 3:22-CV-01306-JR, 2023 WL 7220734 (D. Or. Nov. 2, 2023). Judge Russo explained that "the Court readily accepts that

6 – ORDER

plaintiff 'has a bona fide religious belief that that her body is a temple of the Holy Spirit' – however, plaintiff's specific determination of what is harmful (i.e., ethylene oxide) was not, in this case, premised on the Bible or any other religious tenet or teaching, but rather on her research-based scientific/medical judgments." *Id.* at 6. In other words, because it was clear from the complaint that the plaintiff's belief about the harmfulness of the antigen testing was a secular one rather than a religious one, the plaintiff's objection and allegations of a conflict with her employment duties was not fundamentally religious in nature. *See also, e.g. Passarella v. Aspirus, Inc.*, No. 22-CV-287-JDP, 2023 WL 2455681, at *2 (W.D. Wis. Mar. 10, 2023) ("Because the pleadings show that [some of the plaintiffs'] objections to the COVID vaccine are medical, not religious, their claims will be dismissed with prejudice").

As to the final category of cases this Court has reviewed, there appears to be disagreement among courts addressing motions to dismiss when plaintiffs allege a religious belief and a general statement that obtaining the COVID-19 vaccine conflicts with that belief. For example, in *Kather*, one of the plaintiffs alleged that "Satan is at work with the whole forceful COVID-19 mandate" and that she had the "God-given right to refuse a vaccination that goes against everything [she] believe[s] in." 2023 WL 4865533, at *5 (alterations in original). Judge McShane held that "[d]espite not articulating her religious conflict with great clarity and precision, it can be inferred that [the plaintiff's] religious-based hostility toward the COVID-19 mandate informs a religious opposition to receiving a COVID-19 vaccine." *Id.* Judge McShane denied the defendant's motion to dismiss that plaintiff's claim, finding it sufficient to satisfy the "minimal burden" to allege a religious-based employment conflict. *Id.* Other courts in the Ninth Circuit have done the same when evaluating similar allegations. *See, e.g. Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *5 (D. Or. Sept. 21, 2023)

7 – ORDER

(allegation that the plaintiff's "body is sacred" and that "Buddhist mantras guide me in choosing what is best for me, reinforcing my belief that the vaccine is not suitable for me at this time" sufficient to state a claim), *report and recommendation adopted,* No. 1:23-CV-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023); *Rolovich v. Washington State Univ.*, No. 2:22-CV-0319-TOR, 2023 WL 3733894, at *3 (E.D. Wash. May 30, 2023) (allegations that the plaintiff's "study of the Bible, personal prayer, ... advice from a Catholic priest, and the teachings of the Church ... precluded him from receiving any available COVID-19 vaccine" sufficient to survive motion to dismiss); *Camp v. L.A. Arena Co., LLC*, No. EDCV222220JGBKKX, 2023 WL 4680797, at *7 (C.D. Cal. June 15, 2023) (Plaintiff's allegation that his body is a "temple of the Holy Spirit" and that it was "against his religion to ingest or inject his body with possible harmful substances" sufficient to plead a bona fide religious belief for purposes of a failure to accommodate claim).

However, other courts have held that similar allegations are insufficient to state a claim. For example, in *Ruscitti v. Legacy Health*, the plaintiff alleged that "[a]s a devout Christian, [she] had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body." No. 3:23-CV-00787-JR, 2023 WL 8007620, at *1 (D. Or. Sept. 27, 2023), *report and recommendation adopted,* No. 3:23-CV-00787-JR, 2023 WL 8006269 (D. Or. Nov. 16, 2023). The court there reasoned that plaintiff's claim of a religious conflict was conclusory and failed to allege a religious opposition. *Id*. at *3. Other courts have held similarly. *See*, *e.g. Trinh v. Shriners Hosps. for Child.*, No. 3:22-CV-01999-SB, 2023 WL 7525228, at *10 (D. Or. Oct. 23, 2023) (allegations that plaintiff's Christian and Buddhist beliefs in "bodily integrity" and "purity" insufficient to state a claim), *report and recommendation adopted,* No. 3:22-CV-01999-SB, 2023 WL 7521441 (D. Or. Nov. 13, 2023); *Thornton v. Ipsen*

8 – ORDER

*Biopharmaceuticals, Inc.*, No. CV 23-11171-JCB, 2023 WL 7116739, at *4 (D. Mass. Oct. 26, 2023) (allegation that "what God has created is perfect" and that the vaccine would "defil[e] [the plaintiff's] perfectly created body" insufficient to state a claim).

As to this third category of cases, the Court agrees with those courts which have found allegations of an allegedly religious belief coupled with an assertion that the COVID-19 vaccine conflicts with that belief is enough to plead a prima facie case of religious discrimination. Such allegations are enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and is more than a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Finding such allegations sufficient to state a claim is consistent with the Ninth Circuit's directive that the burden to plead this element is "minimal," *Bolden-Hardge*, 63 F.4th at 1223, and the Supreme Court's warning in the Free Exercise context that "the resolution of [what is a 'religious' belief] is not to turn upon a judicial perception of the particular belief or practice in question." *Thomas*, 450 U.S. at 714. Accordingly, when a plaintiff alleges a religious belief—and alleges that complying with a COVID-19 vaccine mandate conflicts with that belief—that is enough to meet the minimal burden of pleading a bona fide religious belief in conflict with an employment duty.

With the above framework in mind, the Court finds that Plaintiff's allegations are consistent with the third category of cases and are therefore sufficient at the pleading stage. Unlike in *Detwiler*, where it was clear from the face of the complaint that the plaintiff's belief about the harmfulness of antigen testing stemmed from medical beliefs, whether Plaintiff's conflict between her beliefs and the vaccine in this case are secular is not evident from the face of the Complaint. And, unlike in *Kather*, Plaintiff has done more here than simply "generally

9 – ORDER

emote[] religious opposition"; she has alleged her specific religious belief—alleged to derive from her Christian faith—in "bodily integrity" and "purity of body." In other words, Plaintiff has alleged a religious belief and alleged that the vaccine conflicts with that belief. Whether that conflict is truly a secular one, despite Plaintiff's allegation to the contrary, is properly the subject of discovery. *See, e.g.*, *Passarella*, 2023 WL 2455681, at *7 ("With the benefit of discovery, [the defendant] may yet be able to show that [the plaintiff's] anti-vaccine beliefs are really a matter of medical judgment, politics, or some other personal conviction. But on a motion to dismiss… [the plaintiff] has adequately pleaded that her objection to the COVID vaccine is a religious one, rooted in her belief that she must remain as God made her"). Defendant's motion to dismiss on the basis of Plaintiff's alleged failure to plead this element is therefore denied.

## II. Whether Defendant could have reasonably accommodated Plaintiff without suffering undue hardship

Because the Court does not adopt the Magistrate Judge's reasoning with respect to Defendant's first argument, it reaches Defendant's second argument that Defendant could not have reasonably accommodated Plaintiff without suffering undue hardship as a matter of law.

Once a plaintiff makes out a prima facie case of religious discrimination, the "burden shifts to the employer to show either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). Whether an accommodation constitutes an undue hardship is a "fact-specific inquiry" that "is shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 143 S. Ct. 2279, 2281 (2023). Because "undue hardship" is an affirmative defense, dismissal based on an undue hardship "is proper only if the defendant shows some

10 – ORDER

obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Bolden-Hardge*, 63 F.4th at 1224.

Here, Plaintiff pleads that "[i]t would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate." Compl. ¶ 19. This pleading does not, on its face, establish that the burden of allowing Plaintiff to continue working as she had prior to the vaccine mandate would have been a substantial burden in the context of Defendant's business.

Defendant cites numerous cases which it contends stand for the proposition that "allowing an unvaccinated employee to continue working on-site would, as a matter of law, create an 'undue hardship' for the employer." Def. Mot. 14-15. However, as Judge Immergut in this district has recently pointed out when presented with these same cases, the cases Defendant identifies "were all decided either on motions for preliminary injunctions or motions for summary judgment, allowing the courts in those cases to rely on extrinsic evidence such as declarations, expert testimony, and medical and scientific studies, in reaching their conclusions." *MacDonald v. Oregon Health & Sci. Univ.*, No. 3:22-CV-01942-IM, 2023 WL 5529959, at *5 (D. Or. Aug. 28, 2023). None of these cases compel or persuade this Court to rule that unvaccinated employees working at hospitals imposes an undue hardship as a matter of law at the motion to dismiss stage.

Defendant further argues that a hospital's non-compliance with Oregon law—specifically Or. Admin. R. 333-019-1010(4), which requires healthcare employers granting religious exceptions to "take reasonable steps to ensure that unvaccinated healthcare providers and

11 – ORDER

healthcare staff are protected from contracting and spreading COVID-19"—constitutes undue hardship as a matter of law. Def. Mot. 15. *MacDonald* is also instructive on this point:

> Defendants have not shown at this stage that affording Plaintiff an accommodation would have put Defendants out of compliance with Oregon law. O.A.R. § 333-019-1010(4) is clear that a health employer may grant an employee a religious exemption from the vaccination requirement so long as the employer "take[s] reasonable steps to ensure that unvaccinated healthcare providers and healthcare staff are protected from contracting and spreading COVID-19." O.A.R. § 333-019-1010(4). Inherent in this requirement is at least an implicit recognition that there are steps that an employer could plausibly take, in lieu of a COVID-19 vaccine, to protect workers and staff from spreading and contracting COVID-19. *See* ECF 23 at 17. As such, without extrinsic evidence that no reasonable steps were available to ensure that unvaccinated healthcare providers and healthcare staff were protected from contracting and spreading COVID-19, this Court cannot find at this stage that granting Plaintiff a religious accommodation would have automatically placed Defendants out of compliance with state law.

*Id.* at *7.

The Court adopts Judge Immergut's reasoning on this argument; there is nothing on the face of the Complaint that establishes that any accommodation granted to Plaintiff would result in Defendant's non-compliance with Oregon law. That is sufficient to survive a motion to dismiss based on the affirmative defense of "undue burden."

Defendant argues that "Judge Simon recently signaled that he will be dismissing virtually identical Title VII accommodation claims on the ground that a hospital's noncompliance with OAR 333-019-1010(4) constitutes an undue hardship," Def. Mot. 15-16. However, in the case Defendant cites, Judge Simon has since ruled that because "Plaintiffs allege in their Complaint that it would not have been an undue hardship to have allowed Plaintiffs to continue working," the complaint did not itself establish the undue hardship affirmative defense and the motion to dismiss on that basis was denied. *Brown v. NW Permanente, P.C.*, No. 3:22-CV-986-SI, 2023 WL 6147178, at *4-5 (D. Or. Sept. 20, 2023). This case therefore does not support Defendant's argument. Indeed, the allegations at issue in the complaint in *Brown* were identical to those in

Plaintiff's Complaint here. As Judge Simon concluded there, this Court similarly concludes here that "[u]nder the facts and allegations here, the Court will consider the merits of any argument based on 'undue hardship' after a well-supported motion for summary judgment has been filed." *Id*. at *5. Defendant's motion to dismiss Plaintiff's Complaint on the basis of undue hardship is therefore denied.

## CONCLUSION

The Court declines to adopt Magistrate Judge You's Findings and Recommendation [20]. Defendant's Motion to Dismiss for Failure to State a Claim [10] is DENIED.

IT IS SO ORDERED.

DATED: _____February 19, 2024_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

13 – ORDER